UNITED STATES DISTRICT COURT
MIDDLED DISTRICT OF FLORIDA
TAMPA DIVISION

CONRAD F. NELSON,

    Plaintiff,

vs.                                                 CASE NO. 8:07-cv-1990-T-17EAJ

TARGET CORPORATION,
a Minnesota corporation,

    Defendant/Third Party Plaintiff,

vs.

TOWER CLEANING SYSTEMS, INC.,
a Pennsylvania corporation,

    Third Party Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant/Counter-Plaintiff, Target Corporation's, Motion for Summary Judgment (Dkt. 18) and Plaintiff's Response (Dkt. 28).

**Background and Procedural History**

On October 10, 2007, Plaintiff, Conrad Nelson, filed a Complaint against Defendant, Target Corporation ("Target"), alleging that Plaintiff was injured by tripping over a concrete wheel stop in Target's parking lot while working as an employee for a cleaning company hired by Target for parking lot maintenance (Dkt. 2 at 2). Plaintiff has alleged that Defendant Target negligently maintained the lighting system in the parking lot, which created the dangerous working condition causing the Plaintiff's injury (*Id*.).

**Standard of Review**

The Court may grant summary judgment if the moving party carries its burden to show that there remains in dispute "no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). In the diversity case at bar, material facts must be viewed through application of the substantive tort law of Florida. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). If the moving party properly supports its motion for summary judgment, the burden shifts to the non-moving party to "'set forth facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e)(2). All evidence and factual inferences drawn from the evidence are viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

**Discussion**

Plaintiff alleges that on March 4, 2005, he was injured at Target's store located at 6925 West Waters Avenue in Tampa, Florida while performing parking lot maintenance under Target's "negligently maintained . . . lighting system" (Dkt. 2 at 2). At the time of the incident, Plaintiff was working for a subcontractor, Suncoast Sweeping & Parking Lot Maintenance ("Suncoast"), who had obtained Plaintiff's services through an employee leasing business, Progressive Staff Services (Dkt. 18 at 2). Suncoast was a subcontractor for Tower Cleaning Systems, Inc. ("Tower"), which in turn was under contract to Target to perform the maintenance work *(Id.)*. Therefore, the subcontractor, Suncoast, was directly responsible for supervising Plaintiff's work *(Id.)*.

Target argues that under applicable Florida case law, Target's lack of responsibility for

supervising Plaintiff's work relieves Target of liability for injuries he sustained in the employ of Suncoast and Tower, both independent contractors *(Id*. at 4). Target cites *Cruz v. Gables Colony, Ltd.*, 579 So. 2d 278 (Fla. 3d DCA 1991) (summary judgment affirmed because property owner did not play active role in rendering services provided by independent contractor and owner therefore had no duty to the injured employee); *Armenteros v. Baptist Hospital of Miami, Inc.* 714 So. 2d 518 (Fla. 3d DCA 1998) (summary judgment affirmed where owner did not exercise sufficient control over independent contractor's work such that owner could be held liable for injuries of contractor's employees) (*Id*.).

Additionally (or alternatively) Target offers that, according to a local Hillsborough County ordinance, that makes reference to lighting specifications recommended by the Illuminated Engineering Society of North America ("IESNA"), Target's lighting at the site of Plaintiff's injury was adequate (*Id*. at 6). In developing this argument, Target challenges Plaintiff's lighting expert based on Target's contention that the Target store at issue is not open twenty-four hours a day (*Id*.). Therefore, in view of the county ordinance and IESNA specifications, Target argues that Plaintiff's expert opinion alleging a lighting deficiency is "irrelevant" and of no value in establishing Plaintiff's claim of negligence *(Id*. at 7).

Plaintiff responds that the cases cited by Target do not support summary judgment here. In *Cruz*, Plaintiff points out, an employee was killed by a crane operated by an independent construction contractor (Dkt. 28 at 2) (*citing Cruz*, 579 So. 2d at 279). That court affirmed summary judgment because the landowner had no contractual obligation to ensure the employee's safety and there "was no specific act of negligence by the owner." *Id*. In *Cruz*, the court ruled that, "Where no evidence was presented that the landowner negligently created or

approved a dangerous condition, liability may not be imposed." *Id*. *Cruz* applied this principle of law as required by *Conklin v. Cohen*, 287 So. 2d 56 (Fla. 1973).

Plaintiff also distinguishes *Armenteros*, cited by Target, because the plaintiff in that case did allege any specific negligence on the part of the defendant Baptist Hospital of Miami, Inc. *See* 714 So. 2d at 521. The court, in *Armenteros,* emphasized that a defendant's mere general supervisory role over an independent contractor was insufficient to establish liability for an employee's injury. *Id*. However, this court again cited the *Conklin* language imposing liability if an owner negligently creates or approves dangerous conditions that result in injury. *Id*.

Plaintiff additionally disputes Target's claim that it complied with the applicable Hillsborough County code and the IESNA specifications (Dkt. 28 at 3). Plaintiff further alleges that the concrete wheel stop over which Plaintiff tripped was very similar in color to the asphalt parking lot, contributing to the dangerous conditions created or permitted by Target (*Id*.). Plaintiff has provided an affidavit from an expert in support of this contention (*Id*.). Plaintiff also alleges that he advised Target employees of the insufficient lighting and requested that the problem be corrected (*Id*. at 4). So, while Target was not responsible for directly supervising Plaintiff's work, he alleges that Target created, was aware of, and refused to correct the dangerous lighting conditions prior to Plaintiff's injury (*Id*.).

For purposes of analyzing Target's motion at this stage of the proceedings, this Court is required to view the above facts and reasonable inferences in a light most favorable to the Plaintiff. Under that standard, the allegation, supported by testimony and affidavits, that Plaintiff was injured due to the negligent maintenance of parking lot lighting by Target, must be credited. If proven, these facts in dispute could establish Target's liability under the applicable

tort law.

## Conclusion

This Court, after thorough consideration of Defendant/Counter-Plaintiff Target Corporation's Motion for Summary Judgment (Dkt. 18) and Plaintiff's Response (Dkt. 28), finds that genuine issues of material fact in this matter remain in dispute. Summary judgment may therefore not be granted. Accordingly; it is

**ORDERED** that Defendant/Counter-Plaintiff Target Corporation's Motion for Summary Judgment (Dkt. 18) is **DENIED**.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 8th day of April, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record